## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BRAGGS, )<br>       Petitioner, )<br>)<br>v. )<br>)<br>H.J. MARBERRY, Warden, )<br>       Respondent. ) | C.A. No. 06-274 Erie<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of *habeas corpus* be dismissed for lack of jurisdiction, and that a certificate of appealability be denied.

**II.**     **REPORT**

    **A.**     **Relevant Factual and Procedural History**

This is a petition for writ of *habeas corpus* filed by a federal prisoner incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania. On July 24, 1992, Petitioner was convicted of committing various drug-related offenses in the United States District Court for the Southern District of Ohio, and was sentenced to serve a term of 240 months of imprisonment. (Document # 5, Petition, at ¶¶ 1-4). In 1995, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence based, in part, on his argument that the government withheld evidence from him at trial in violation of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. This habeas petition was denied in or around 1997.

On January 17, 2000, Petitioner allegedly discovered for the first time that the government "hid the true background of its 'sole' witness Mr. Starks." (Document # 5, Petition, at p. 5). Petition also allegedly discovered that the government "hid an actual conflict of interest, which prevented the key testimony which would have proved the petitioner's actual innocence." (Document # 5, Petition, at pp. 5-6). Based on these "discoveries," Petitioner petitioned the Sixth

1

Circuit Court of Appeals for an order authorizing him to file a second or successive habeas petition pursuant to 28 U.S.C. §§ 2244(b) and 2255.  This petition was denied by the Sixth Circuit Court on January 31, 2006, based on its finding that the evidence on which Petitioner sought to file a second habeas petition was not "newly discovered" under 28 U.S.C. § 2244(b)(2)(i). (Document # 5, Petition, at p. 1 and Exhibit 1).  This habeas petition followed.

### B.     Discussion

In the instant petition, which Petitioner filed on November 22, 2006, he is once again challenging his July 24, 1992, conviction and sentence.  Because this is the second federal habeas petition in which Petitioner has challenged the same judgment of sentence, this petition is subject to the authorization requirements set out at 28 U.S.C. § 2244(b).

In pertinent part, § 2244(b) mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition.  28 U.S.C. §2244(b)(3)(A).  Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2).  See  U.S.C. § 2244(b)(3)(C).  This allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, __ U.S. __,  127 S.Ct. 793, 794-99, 166 L.Ed.2d 628 (2007)

A review of the computerized dockets of the Court of Appeals for the Third Circuit Court shows that Petitioner has not sought nor received from it permission to file a second or successive petition.  Furthermore, Petitioner has acknowledged that he has already sought and been denied permission to file a second or successive petition in the Sixth Circuit Court of Appeals.  Therefore, the instant habeas petition must be dismissed because this court lacks jurisdiction.  Burton, 127 S.Ct. at 794-99.

  **C.**  **Certificate of Appealability**

  Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition.  Accordingly, a certificate of appealability should be denied.

**III.** **CONCLUSION**

  For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed for lack of jurisdiction, and that a certificate of appealability be denied.

  In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, Petitioner is allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Failure to file timely objections may constitute a waiver of any appellate rights.

         <u>/s/ Susan Paradise Baxter</u>
         SUSAN PARADISE BAXTER
         Chief U.S. Magistrate Judge

Dated: May <u>15</u>, 2007