### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BRAGGS, ) | |
|       Petitioner, ) | |
|    v. ) | Civil Action No. 06-274 Erie |
| H.J. MARBERRY, Warden, ) | |
|       Respondent. ) | |

## **MEMORANDUM ORDER**

     This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 was received by the Clerk of Court on November 22, 2006 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

     The Magistrate Judge's Report and Recommendation, filed on May 16, 2007, recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied. At issue is the legality of Petitioner's conviction on federal drug charges and resulting sentence, which emanated from the U.S. District Court for the Southern District of Ohio. Because the instant petition challenges the legality of Petitioner's underlying federal criminal conviction and sentence, the Magistrate Judge treated the petition as the functional equivalent of a motion filed pursuant to 28 U.S.C. § 2255. Further, the Magistrate Judge recommended that the instant petition be dismissed for lack of jurisdiction inasmuch as Petitioner, having previously filed an unsuccessful § 2255 motion attacking his conviction and sentence, had not satisfied the authorization requirements for successive § 2255 motions as set forth in 28 U.S.C. § 2244.

     The parties were allowed ten (10) days from the date of service to file objections. Service was made on Petitioner by certified mail at FCI McKean, where he is incarcerated, and on Respondent. Objections were filed by Petitioner on May 22, 2007. In addition, Petitioner has filed a reply to the government's response to his § 2241

petition. In essence, Petitioner objects to the Report and Recommendation on the grounds that, under the "savings clause/ escape hatch" provision of § 2255, he is entitled to seek relief in this Court pursuant to 28 U.S.C. § 2241 and is not subject to the authorization requirements of 28 U.S.C. § 2244.

Because the instant petition challenges the legality of Petitioner's underlying federal conviction and sentence, it is properly treated as one within the purview of 28 U.S.C. § 2255. See Okereke v. Untied States, 307 F.3d 117, 120 (3d Cir. 2002) (Section 2255 motions are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution). Furthermore, motions for relief under § 2255 are properly raised before the court that imposed the conviction and sentence which, in this case, is the U.S. District Court for the Southern District of Ohio.

In fact, § 2255, by its terms, prohibits this Court from entertaining such a motion "*unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of [the petitioner's] detention*." 28 U.S.C. § 2255 (emphasis added). This exception – referred to by Petitioner as the "savings clause/ escape hatch" provision of § 2255 – applies only in extremely rare situations as, e.g., in cases where a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in the law. See Okereke, 307 F.3d at 120. Such is not the case here. Moreover, § 2255 is not "inadequate or ineffective" simply because a petitioner is unable to meet its stringent "gatekeeping" requirements. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Lara v. Smith, 206 Fed. Appx. 138, 140, 2006 WL 3326745 at *2 (3d Cir. Nov. 16, 2006). Here, it should be noted, Petitioner unsuccessfully tried to raise the very claims contained in the instant petition[1]

---

[1] Petitioner is asserting that he has newly discovered evidence regarding prior convictions of the government's trial witness and evidence that his trial attorney operated under a conflict of interest which effectively denied him his Sixth Amendment right to effective assistance of counsel. It appears these same claims were raised

in the jurisdiction of his sentencing court, but the Sixth Circuit Court of Appeals determined that he had not satisfied the gate-keeping requirements of § 2255. (See Ex. A to Response to Pet. for Writ of Habeas Corpus [21-2].) Accordingly, Petitioner has failed to demonstrate that he is entitled to take advantage of the "savings clause/ escape hatch" of § 2255.

Based upon the foregoing, and after de novo review of the petition and documents in the case, together with the Report and Recommendation and objections thereto, the following order is entered:

AND NOW, this 7th day of June, 2007;

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED for lack of jurisdiction and that a certificate of appealability is DENIED.[2]

Magistrate Judge Baxter's May 16, 2007 Report and Recommendation [22], as supplemented herein, is adopted as the opinion of the Court.

        s/ Sean J. McLaughlin
        SEAN J. McLAUGHLIN
        United States District Judge

cm: All parties of record
    Susan Paradise Baxter, U.S. Magistrate Judge

---

before the Sixth Circuit Court of Appeals as a basis for filing a successive § 2255 motion and were rejected. (See Ex. A to Resp. to Pet. for Writ of Habeas Corpus [21-2].)

[2] Petitioner correctly notes that petitions filed under 28 U.S.C. § 2241 do not require a certificate of appealability. See Lara v. Smith, 206 Fed. Appx. 138, 140 n.2, 2006 WL 3326745 at *2 n.2 (3d Cir. Nov. 16, 2006) (citing 28 U.S.C. § 2253(c)(1)(B); Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C. Cir. 1999)). To the extent that the instant petition should be treated as one filed solely under 28 U.S.C. § 2255, we adopt the Magistrate Judge's recommendation that a certificate of appealability be denied.